FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2013 AUG 16  AM 10: 31

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PLAINTIFF (PRO-SE)
JEREMY DON KERR, PH.D.
1714 N BROAD ST
NEW ORLEANS, LA 70119

v

Civil Action No: **13-5456**
**SECT. H MAG. 1**

DEFENDANTS
RCI ENTERTAINMENT LOUISIANA, INC
dba RICK'S CABARET (NEW ORLEANS)
ROBERT WATTERS, PRESIDENT
315 BOURBON ST
NEW ORLEANS, LA 70130
    &
RICKS CABARET INTERNATIONAL
ERIC S. LANGAN, CEO
10959 CUTTEN ROAD
HOUSTON, TX 77066

## COMPLAINT

On August 10, 2013, around 3:30 A.M., the Plaintiff was denied entry into an establishment - that is a place of public accommodation - owned and operated by the Defendants located at 315 Bourbon Street in New Orleans, LA as a result of an unconstitutional instance of sex discrimination.

The Plaintiff was wearing an unbifurcated garment - commonly referred to as a 'kilt' or 'skirt' in the contemporary lexicon. After presenting a photo ID showing that the Plaintiff was of legal age to enter the establishment in question, representatives of the Defendants' establishment informed the Plaintiff that he would not be allowed to enter the premises because, they said, the Plaintiff's attire did not conform to the establishment's "dress code."

Fee 400.00
Process ✓ Smcisd
X Dktd
__ CtRmDep
__ Doc. No.

The Plaintiff pointed out to the representatives of the Defendants' establishment that female patrons who were wearing the same or similar type/style of unbifurcated attire/garments were being allowed to enter the establishment unfettered and that, therefore, the Defendants' efforts to deny the Plaintiff's entry into the establishment constitutes an unconstitutional form of sex discrimination. The representatives of the Defendants' establishment ignored the Plaintiff's pleas and ultimately refused to allow the Plaintiff to enter the Defendants' establishment or place of public accommodation.

## BACKGROUND/PRECEDENT FOR COMPLAINT

In Price Waterhouse v Hopkins (1989), the United States Supreme Court found that sexual discrimination on the basis of gender stereotyping violates Title VII of the 1964 Civil Rights Act. That is, the court found that discrimination against an individual that is based on the perception or belief that the individual is violating gender stereotypes is a form of sex discrimination that is covered under Title VII of the Civil Rights Act of 1964.

In this case, the Plaintiff is a heterosexual male of Scottish descent who has a well-established history of wearing unbifurcated garments in public places - consistent with his ethnic and religious heritage (see Kerr v NOPD; US District Court, Eastern District of Louisiana; Case Number: 2:2013cv00525 (2009); Kerr v Georgetown College (2005, KY); Kerr v Tolly-Ho Restaurant Inc (2005, KY); Kerr v Pazzo's Restaurant Inc (2005, KY).

The Plaintiff maintains that the Defendants' refusal to allow the Plaintiff to enter the establishment in question was clearly motivated by the Defendants' representatives' belief or perception that the Plaintiff's attire does not conform to gender stereotypes - because it was evident that the Defendants' representatives were allowing individuals who appeared to be female into the establishment wearing the same or similar type/style of unbifurcated attire/garments. That is, the Plaintiff holds that had the Defendants' representatives believed or perceived that the Plaintiff possessed female genetalia (i.e. was female) the Defendants' representatives would have let the Plaintiff enter the establishment wearing an unbifurcated garment. However,

because the Defendants' representatives believed or perceived that the Plaintiff possesses male genetalia (i.e. was a male) the Defendents's representatives denied the Plaintiff access to the establishment. In effect, the Defendants, through the actions of their representatives, committed an overt act of sexual discrimination because the Defendants, through their representatives, discriminated against the Plaintiff solely based upon the Defendants' representatives' belief or perception that the Plaintiff's attire did not conform to gender stereotypes.

WHEREFORE, THE PLAINTIFF PRAYS THAT THE COURT

Instruct the Defendants - and their representatives - to cease and desist from any and all discriminatory treatment of the Plaintiff - as well from discriminatory treatment of any and all individuals who may be similarly situated now or in the future;

The Plaintiff furthermore prays that the the court will EITHER:

(A) Award the Plaintiff the sum of the filing fees and process of service fees in this case as well as compensatory damages in the amount of one dollar ($1.00) plus a lifetime V.I.P. pass/membership to any and all establishments owned and operated by RICK'S CABARET INTERNATIONAL plus punitive damages in the amount of one dollar ($1.00).

OR

(B) Award the Plaintiff the sum of the filing fees and process of service fees in this case as well as compensatory damages in the amount of one dollar ($1.00) plus punitive damages in the amount of fifty-thousand dollars ($50,000.00).

Respectfully submitted,

*Jeremy Don Kerr, Ph.D.*

Jeremy Don Kerr, Ph.D.
Plaintiff, pro se
1714 N Broad St
New Orleans LA 70119
504-222-4195